# United States Court of Appeals for the Federal Circuit

---

**TARELL JOYNER,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7126

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3700, Judge Lawrence B. Hagel.

---

Decided: September 12, 2014

---

RACHEL M. MCKENZIE, Orrick, Herrington & Sutcliffe LLP, of Washington, DC, argued for claimant-appellant. With her on the brief was ERIC A. SHUMSKY. Of counsel on the brief were BARTON F. STICHMAN and PATRICK A. BERKSHIRE, National Veterans Legal Services Program, of Washington, DC.

TARA K. HOGAN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F.

DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and MARTIE ADELMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before PROST, *Chief Judge,* MOORE, and CHEN, *Circuit Judges.*

MOORE, *Circuit Judge*.

Tarell Joyner appeals from the decision of the Court of Appeals for Veterans Claims (Veterans Court) denying his claim for compensation for neck pain. Because the Veterans Court misinterpreted 38 U.S.C. § 1117, we *vacate* and *remand.*

## BACKGROUND

Mr. Joyner served in the Marine Corps and completed one tour of duty in the Persian Gulf. During service, Mr. Joyner was treated twice for neck pain. However, his separation from service examination indicated that his neck was "normal."

Mr. Joyner later filed a claim with the Department of Veterans Affairs (VA) for disability compensation for chronic neck pain and other conditions. The VA regional office denied his claim for benefits for his neck pain. The Board of Veterans' Appeals (Board) affirmed, concluding that Mr. Joyner did not have a diagnosed neck condition and thus was not entitled to service connection under 38 U.S.C. § 1110—a general provision that provides compensation for disabilities suffered in the line of duty. *In re Joyner*, No. 08-03 962, slip op. at 20–21 (Bd. Vet. App. Sept. 28, 2011). Mr. Joyner appealed to the Veterans Court, arguing that the Board erred by failing to consider whether he is entitled to service connection under 38

U.S.C. § 1117—an additional disability compensation provision that applies to Gulf War Veterans. The Veterans Court held that Mr. Joyner is not entitled to compensation under § 1117 because pain does not constitute a disability. *Joyner v. Shinseki*, No. 11-3700, 2013 WL 2157239, at *4 (Vet. App. May 20, 2013).

Mr. Joyner appeals the Veterans Court's decision. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

DISCUSSION

We review legal determinations of the Veterans Court de novo. *Rodriguez v. Peake*, 511 F.3d 1147, 1152 (Fed. Cir. 2008). We do not review the underlying factual determinations or application of law to facts. *Id.*

We hold that the Veterans Court erred in concluding that pain cannot evidence a qualifying chronic disability under § 1117. Section 1117 provides that the Secretary may pay compensation "to a Persian Gulf Veteran with a qualifying chronic disability that became manifest" "during service on active duty . . . in the Southwest Asia theater of operations." 38 U.S.C. § 1117(a). A "qualifying chronic disability" is a "chronic disability" that may result from "[a]n undiagnosed illness." *Id.* § 1117(a)(2)(A). Symptoms that "may be a manifestation of an undiagnosed illness" include "muscle pain" and "joint pain." *Id.* § 1117(g)(4), (5). Thus, the plain language of § 1117 makes clear that pain, such as muscle pain or joint pain, may establish an undiagnosed illness that causes a qualifying chronic disability. The regulation implementing § 1117, 38 C.F.R. § 3.317, likewise states that "muscle pain" or "joint pain" "may be manifestations of undiagnosed illness." 38 C.F.R. § 3.317(b)(4), (5).

The government concedes that pain as a manifestation of an undiagnosed illness can constitute a disability under § 1117, but asserts that any error in the Veterans Court's decision was harmless. Appellee's Br. 20; Oral

Argument at 12:33–58, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 13-7126.mp3. We disagree. The Veterans Court's pronouncement that pain "does *not* constitute a disability" pervades its analysis. *Joyner*, 2013 WL 2157239, at \*4.

The government also argues that § 1117 imposes a burden on a veteran to demonstrate that a medical professional has eliminated all possible diagnoses before the veteran can be compensated for a disability stemming from an undiagnosed illness pursuant to § 1117(a)(2)(A). Oral Argument at 20:16–59, 24:11–25:19. We are cognizant of the fact that a "qualifying chronic disability" is one that "[b]y history, physical examination, and laboratory tests cannot be attributed to any known clinical diagnosis." 38 C.F.R. § 3.317(a)(1)(ii). However, this does not, as the government contends, compel the conclusion that a veteran must be subjected to all possible medical testing available and then "diagnosed" with an "undiagnosed illness" after all possible medical conditions have been ruled out. In promulgating the final rule, § 3.317, the VA explained:

> The regulation does not require that physicians make such a diagnosis. Physicians should simply record all noted signs and reported symptoms, document all clinical findings, and provide a diagnosis where possible. If the signs and symptoms are not characteristic of a known clinical diagnosis, the physician should so indicate. This conforms with the usual standards of medical practice.

Compensation for Certain Undiagnosed Illnesses, 60 Fed. Reg. 6661, 6662 (Feb. 3, 1995). The statute and regulation require only that the veteran has been evaluated and no diagnosis could be made concerning the cause of the qualifying chronic disability. Section 1117 affords compensation for a "Persian Gulf veteran who exhibits objec-

tive indications of a qualifying chronic disability." 38 C.F.R. § 3.317(a)(1). Objective indications include both objective evidence perceptible to an examining physician and "other, non-medical indicators that are capable of independent verification." *Id*. § 3.317(a)(3). Non-medical indicators include evidence such as time lost from work, the veteran having sought treatment for his symptoms, and changes in the veteran's appearance, physical abilities, and mental or emotional attitude. Compensation for Certain Undiagnosed Illnesses, 60 Fed. Reg. at 6663. We remand to the Veterans Court to analyze whether Mr. Joyner has an undiagnosed illness and whether he satisfies the remaining elements under § 1117 to establish entitlement to compensation.[1]

## CONCLUSION

Because the Veterans Court erred in concluding that pain cannot evidence a disability under § 1117, we *vacate* and *remand* to the Veterans Court for further proceedings in accordance with this opinion.

## **VACATED AND REMANDED**

---

[1] We do not decide Mr. Joyner's arguments concerning 38 U.S.C. § 1110 because Mr. Joyner did not appeal that issue to the Veterans Court.