# United States Court of Appeals for the Federal Circuit

---

**ROBERTO SANCHEZ-NAVARRO,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7039

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1645, Judge William A. Moorman.

---

Decided: December 24, 2014

---

DEANNE L. BONNER SIMPSON, Bonner Di Salvo, PLLC, of Detroit, Michigan, argued for claimant-appellant.

JOSEPH E. ASHMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and SCOTT D. AUSTIN, Assistant Director. Of

counsel on the brief were Y. KEN LEE, Deputy Assistant
General Counsel, and LARA K. EILHARDT, Staff Attorney,
United States Department of Veterans Affairs, of Wash-
ington, DC.

———————————

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* DYK.

Dissenting opinion filed by *Circuit Judge* LOURIE.

DYK, *Circuit Judge.*

Roberto Sanchez-Navarro appeals from the decision of
the United States Court of Appeals for Veterans Claims
("Veterans Court") denying his claim for service connec-
tion for post-traumatic stress disorder ("PTSD"). We
vacate and remand.

BACKGROUND

Sanchez-Navarro served in the United States Army
from May 1958 until March 1960, and he was stationed in
Korea from November 10, 1958, until November 16, 1959.
Sanchez-Navarro is not a combat veteran, but he served
near the demilitarized zone in Korea after the Korean
War. In September 2005, Sanchez-Navarro filed a claim
for service connection for PTSD. In order to succeed on
his claim, Sanchez-Navarro was required to establish (1)
"medical evidence diagnosing the condition in accordance
with [38 C.F.R. § 4.125(a)]"; (2) "a link, established by
medical evidence, between current symptoms and an in-
service stressor"; and (3) "credible supporting evidence
that the claimed in-service stressor occurred." 38 C.F.R.
§ 3.304(f). There is no dispute that Sanchez-Navarro
suffers from PTSD. Sanchez-Navarro argued that the

third requirement was satisfied based on his lay testimony as to three alleged stressors: (1) hearing shots and seeing two injured American soldiers on the day he left Korea; (2) exposure to wounded soldiers in medical facilities while receiving treatment for ear infections; and (3) hearing strange noises while on guard duty at night during his first week of service in Korea.

The Board of Veterans' Appeals ("Board") denied Sanchez-Navarro's claim in a June 18, 2008, decision. While Sanchez-Navarro's appeal to the Veterans Court was pending, the VA amended 38 C.F.R. § 3.304(f) with respect to the evidence required to establish the occurrence of claimed in-service stressors for PTSD claims. Revised § 3.304(f) provides, in relevant part:

> If a stressor claimed by a veteran is related to the veteran's fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom the VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of posttraumatic stress disorder and that the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor.

38 C.F.R. § 3.304(f)(3).

The Veterans Court vacated and remanded for the Board to determine whether Sanchez-Navarro's claim fell within the scope of the revised § 3.304(f). On remand, the Board found that revised § 3.304(f) did not apply to

Sanchez-Navarro's claim because he had been diagnosed by a therapist, as opposed to a "VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted." § 3.304(f)(3). The Board found that Sanchez-Navarro was not entitled to a medical examination by a VA psychiatrist or psychologist because "none of his claimed stressor events have been sufficiently corroborated by credible supporting evidence and his account of having a continuity of PTSD symptomatology since service is not deemed credible." Respondent-Appellee's App. 33. The Veterans Court affirmed. *Sanchez-Navarro v. Shinseki*, No. 12-1645, 2013 WL 5496825, at *7 (Oct. 4, 2013). The Veterans Court found that the duty-to-assist statute, 38 U.S.C. § 5103A, did not require the VA to provide Sanchez-Navarro with a medical exam by a VA psychiatrist or psychologist "because the evidence of in-service stressor events was insufficient." Respondent-Appellee's App. 15. Sanchez-Navarro appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

Our review of a decision by the Veterans Court is limited by statute. We review legal determinations of the Veterans Court de novo, but we lack jurisdiction over a challenge to a "factual determination" or "law or regulation as applied to the facts." 38 U.S.C. § 7272(d)(2); *Joyner v. McDonald*, 766 F.3d 1393, 1394 (Fed. Cir. 2014).

Sanchez-Navarro argues that his claim falls under 38 C.F.R. § 3.304(f)(3) because his claimed stressors are "related to the veteran's fear of hostile military or terrorist activity." 38 C.F.R. § 3.304(f)(3). He argues that under such circumstances, the VA is obligated to provide a medical examination by a psychiatrist or psychologist because it is "necessary to make a decision on the claim," 38 U.S.C. § 5103A(d)(1). This is so, he reasons, because

§ 3.304(f)(3) provides that his lay testimony would be adequate to establish the existence of a stressor if a *"VA psychiatrist or psychologist . . .* confirms that the claimed stressor is adequate to support a diagnosis of posttraumatic stress disorder and that the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary."    38 C.F.R. § 3.304(f)(3) (emphasis added).

At oral argument, the government agreed with Sanchez-Navarro's interpretation of § 3.304(f)(3), subject to one important qualification. The government argued that a VA medical examination is only "necessary," 38 U.S.C. § 5103A(d)(1), if "the claimed stressor is consistent with the places, types, and circumstances of the veteran's service," 38 C.F.R. § 3.304(f)(3) (hereinafter, "the proviso"). Thus, according to the government, the veteran must satisfy the proviso before the VA is obligated to provide the veteran with a VA medical exam. Sanchez-Navarro argued that a VA medical exam is necessary to address the claim in the first place, including the proviso.

Here, we need not decide whether we must to defer to an agency's interpretation of a regulation that is offered for the first time at oral argument.[1] We need not reach

---

[1] *See Cathedral Candle Co. v. U.S. Int'l Trade Comm'n*, 400 F.3d 1352, 1363 (Fed. Cir. 2005) (deferring to an agency's interpretation of its own regulation "even when that interpretation is offered in the very litigation in which the argument in favor of deference is made" (citing *Auer v. Robbins*, 519 U.S. 452, 461–62 (1997))); *see also Am. Signature, Inc. v. United States*, 598 F.3d 816, 827 (Fed. Cir. 2010) (deference depends upon whether the agency is "advancing its litigating position"); *Reizenstein v. Shinseki*, 583 F.3d 1331, 1335 (Fed. Cir. 2009) ("In

the deference issue because we conclude that the regulation is clear on its face, and the VA's interpretation is supported by prior statements accompanying the publication of the regulation.

As Sanchez-Navarro argues, a medical examination by a VA psychiatrist or psychologist may be "necessary," 38 U.S.C. § 5103A(d)(1), if the veteran is to receive the benefits of § 3.304(f)(3). However, on the face of the regulation, a VA medical examination is not necessary to address the proviso. Contrary to Sanchez-Navarro's interpretation, the regulation specifically states that the VA psychiatrist or psychologist addresses (1) whether "the claimed stressor is adequate to support" a diagnosis of PTSD; and (2) whether the veteran's symptoms are related to the claimed stressor. 38 C.F.R. § 3.304(f)(3). In contrast, the proviso deals with historical facts—whether "the claimed stressor is consistent with the places, types, and circumstances of the veteran's service"—used to determine whether the stressor actually occurred. *Id.* The proviso is not directed to the VA psychiatrist or psychologist.

This interpretation is also consistent with the VA's statement accompanying the regulation that "VA adjudi-

---

cases in which the agency offers its interpretation for the first time in its briefs during litigation, the agency is entitled to deference so long as there is 'no reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question.'" (quoting *Auer*, 519 U.S. at 462)); *Gose v. U.S. Postal Serv.*, 451 F.3d 831, 838 (Fed. Cir. 2006) ("[T]he interpretation must truly be one that had been applied by the agency, either prior to or, at the latest, during the exercise of its administrative powers in the present matter.").

cators, not examining psychiatrists and psychologists, will decide whether the claimed stressor is consistent with the veteran's service." 75 Fed. Reg. 39843, 39844 (July 13, 2010) (Final Rule). The VA's construction is correct: Sanchez-Navarro is only entitled to a VA medical examination if his claimed stressor "is consistent with the places, types, and circumstances" of his service. 38 C.F.R. § 3.304(f)(3). If that proviso is met, the VA is obligated to provide him with a VA medical examination because such an examination would be "necessary to make a decision on the claim." 38 U.S.C. § 5103A(d)(1).

The Veterans Court's decision did not address the proviso, but instead affirmed the Board's determination that Sanchez-Navarro's testimony was not "credible" and therefore found that "the evidence of in-service stressor events was insufficient." Respondent-Appellee's App. 15. In other words, the Veterans Court appears to have applied the criteria of the introductory paragraph of 38 C.F.R. § 3.304(f), which requires "credible supporting evidence that the claimed in-service stressor occurred." 38 C.F.R. § 3.304(f). But § 3.304(f)(3) applies a more relaxed standard. Under § 3.304(f)(3), the veteran's lay testimony as to the existence of the stressor is adequate if three conditions are satisfied: (1) a VA psychiatrist or psychologist "confirms that the claimed stressor is adequate to support a diagnosis of posttraumatic stress disorder and that the veteran's symptoms are related to the claimed stressor"; (2) the VA psychiatrist or psychologist's findings are not contradicted by "clear and convincing evidence"; and (3) "the claimed stressor is consistent with the places, types, and circumstances of the veteran's service." *Id.* § 3.304(f)(3). Here, the Board and the Veterans Court considered this case under the introductory paragraph of § 3.304(f) rather than under § 3.304(f)(3) and simply determined that the veteran's lay testimony was not "credible." *Id.* § 3.304(f).

A remand is therefore necessary. On remand, the Veterans Court should determine whether Sanchez-Navarro's "claimed stressor[s are] consistent with the places, types, and circumstances of the veteran's service." 38 C.F.R. § 3.304(f)(3). If so, then Sanchez-Navarro is entitled to a medical examination by a VA psychiatrist or psychologist. If the VA psychiatrist or psychologist concludes that "the claimed stressor is adequate to support a diagnosis of posttraumatic stress disorder and that the veteran's symptoms are related to the claimed stressor," the Board must determine whether the government has established "clear and convincing evidence to the contrary." *Id.* In the absence of such clear and convincing evidence to the contrary, the veteran's lay testimony alone is sufficient to establish the occurrence of the claimed in-service stressor.

**VACATED AND REMANDED**

COSTS

Costs to appellant.

# United States Court of Appeals
# for the Federal Circuit

---

**ROBERTO SANCHEZ-NAVARRO,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7039

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1645, Judge William A. Moorman.

---

LOURIE, *Circuit Judge*, dissenting.

I respectfully dissent from the majority's decision to vacate and remand the decision of the Veterans Court, which affirmed the Board's finding that Sanchez-Navarro was not entitled to a VA medical exam under 38 U.S.C. § 5103A(d) and thus could not bring a claim for post-traumatic stress disorder under 38 C.F.R. § 3.304(f).

I believe that the majority erred in two respects. First, the majority failed to follow 38 U.S.C. § 5103A(d) when interpreting 38 C.F.R. § 3.304(f)(3). The statute

provides, in relevant part, that the Secretary "shall . . . provid[e] a medical examination . . . *when* such an examination or opinion is necessary to make a decision on the claim." 38 U.S.C. § 5103A(d)(1) (emphasis added). An examination is only necessary "*if* the evidence of record" (1) contains "competent evidence" of a current disability, and (2) "indicates that the disability or symptoms may be associated" with the veteran's service. *Id.* § 5103A(d)(2)(A)–(B) (emphasis added). If the *if* criteria are not met, the *when* result does not come into play.

The Veterans Court applied § 5103A(d) and held that "the evidence was insufficient to corroborate the occurrence of the claimed events" and that the Board's "determination that there was insufficient evidence of an 'event, injury, or disease occurred in service' is not clearly erroneous." *Sanchez-Navarro v. Shinseki*, No. 12-1645, 2013 WL 5496825, at *6 (Vet. App. Oct. 4, 2013). Thus, the *if* criteria were not met, and the medical examination was not required. Moreover, those are factual determinations over which we have no jurisdiction. We should therefore dismiss that aspect of this appeal.

The majority's view would override the legal requirements for determining when a medical exam is "necessary," for it states that "[i]f that proviso [of § 3.304(f)(3)] is met, the VA is obligated to provide the veteran with a VA medical examination *because* such an examination would be 'necessary' . . . ." *Maj. Op.* at 7 (emphasis added). The majority states that the regulation is "clear on its face" and thus requires a medical exam anytime the proviso is satisfied. *Id.* at 6. The regulation is indeed clear, but it does not support the majority's decision. The majority cannot ignore the express requirements of § 5103A(d). A medical exam may be necessary for the veteran to ultimately obtain the benefits of § 3.304(f)(3), as the majority contends. *See id.* But again, § 5103A(d) states that a

medical exam shall be provided only when it is necessary to make a decision, and necessity is expressly defined as when the evidence of record contains competent evidence. The Board found that there was no such competent evidence here.

Moreover, the regulation is consistent with the statute; it does not purport to alter the standard laid out in § 5103A(d). Indeed, the regulation echoes the structure of § 5103A(d), with the proviso preceded by an "and," which is preceded by an "If" clause, which requires a psychiatrist or psychologist to confirm that the stressor is adequate to support a diagnosis of PTSD, a condition that has been found not to have occurred here, a finding which we cannot review. Yet the majority incorrectly transforms the statute's "when" into a declarative "because," despite the regulation's parallel, conditional structure. The *when* result was not invoked here because the *if* criteria were not found to have been met, and we cannot review those findings.

Second, contrary to what the majority contends, the Veterans Court considered this case under 38 C.F.R. § 3.304(f)(3) and found that the section simply did not apply. Section 3.304(f)(3) lessens a veteran's evidentiary burden if, among other things, (1) the veteran claims an in-service stressor related to hostile military or terrorist activity, and (2) a VA psychologist or psychiatrist confirms that the stressor supports a PTSD diagnosis and that the symptoms are related to the claimed stressor. The majority asserts that the Veterans Court should have applied the "more relaxed standard" of § 3.304(f)(3) instead of § 3.304(f). But § 3.304(f)(3) contains the conditional *if*, and the Veterans Court affirmed the Board's finding that Sanchez-Navarro only had a therapist confirm his PTSD diagnosis. *Sanchez-Navarro*, 2013 WL 5496825, at *4. Thus, the psychiatrist or psychologist

criterion was not met and § 3.304(f)(3) did not apply. Whether the confirmation of a PTSD diagnosis was only made by a therapist, not a psychiatrist or psychologist, is a fact question that is not before us. Because the Veterans Court did not misinterpret § 3.304(f)(3), I would therefore affirm this portion of the Veterans Court's decision.

In my view, vacating and remanding this case, as the majority does, would put our case law in conflict with the statute and VA regulations.

Accordingly, I respectfully dissent.