NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERTO SANCHEZ-NAVARRO,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7075

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1645, Judge William A. Moorman.

---

Decided: January 14, 2016

---

DEANNE LYNN BONNER SIMPSON, Bonner Di Salvo PLLC, Detroit, MI, argued for claimant-appellant.

JOSEPH ASHMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by SCOTT D. AUSTIN, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; BRANDON A. JONAS, Y. KEN LEE,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Roberto Sanchez-Navarro appeals from a remand order of the U.S. Court of Appeals for Veterans Claims (the "Veterans Court"). *See Sanchez-Navarro v. McDonald*, No. 12-1645, 2015 WL 1037719 (Vet. App. Mar. 11, 2015). For the reasons that follow, we dismiss the appeal.

## BACKGROUND

This case is before us for the second time. The facts have largely been set forth in our first opinion, *Sanchez-Navarro v. McDonald*, 774 F.3d 1380, 1382–83 (Fed. Cir. 2014). We recount below only those facts most relevant to this appeal.

Sanchez-Navarro served in the U.S. Army from May 1958 to March 1960, with a portion of that time spent in Korea near the demilitarized zone. In September 2005, Sanchez-Navarro filed a claim for service connection for post-traumatic stress disorder ("PTSD"). In support of that claim, he submitted a letter from a Department of Veterans Affairs ("VA") therapist diagnosing him with PTSD.

While Sanchez-Navarro's PTSD claim was before the Veterans Court for the first time, the VA amended the relevant regulation, 38 C.F.R. § 3.304(f). It added a provision that modified the evidentiary standard for claimants seeking PTSD benefits based on a veteran's fear of hostile military or terrorist activity. *See* 38 C.F.R. § 3.304(f)(3). Specifically, the added section provides: "the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor" if "a VA psychiatrist or psychologist" "confirms that the claimed stressor

is adequate to support a [PTSD] diagnosis" and if "the stressor is consistent with the places, types, and circumstances of the veteran's service." *Id.*

The Veterans Court accordingly remanded Sanchez-Navarro's claim to the Board of Veterans' Appeals (the "Board") in light of the amended regulation. The Board then sustained its earlier denial, and Sanchez-Navarro's claim returned to the Veterans Court a second time.

The Veterans Court affirmed the Board's denial, first finding that the VA was not required to provide Sanchez-Navarro with a medical examination by a VA psychiatrist or psychologist under 38 U.S.C. § 5103A(d), the duty-to-assist statute, because "the evidence was insufficient to corroborate the occurrence of claimed events." *Sanchez-Navarro v. Shinseki*, No. 12-1645, 2013 WL 5496825, at *6 (Vet. App. Oct. 4, 2013). Then, in light of the additional finding that Sanchez-Navarro only had a PTSD diagnosis from a VA therapist, not a psychiatrist or psychologist, the Veterans Court found that § 3.304(f)(3) did not apply, and thus that Sanchez-Navarro's lay testimony could not establish the occurrence of any claimed in-service stressor. Sanchez-Navarro appealed to this court.

On appeal, we vacated and remanded. We held that the "consistent with the places, types, and circumstances of the veteran's service" language from § 3.304(f) informs the VA's duty to assist under § 5103A. Accordingly, we stated:

> On remand, the Veterans Court should determine whether Sanchez-Navarro's "claimed stressor[s are] consistent with the places, types, and circumstances of the veteran's service." If so, then Sanchez-Navarro is entitled to a medical examination by a VA psychiatrist or psychologist. If the VA psychiatrist or psychologist concludes that "the claimed stressor is adequate to support a diagnosis of [PTSD] and that the veteran's symp-

toms are related to the claimed stressor," the Board must determine whether the government has established "clear and convincing evidence to the contrary." In the absence of such clear and convincing evidence to the contrary, the veteran's lay testimony alone is sufficient to establish the occurrence of the claimed in-service stressor.

*Sanchez-Navarro*, 774 F.3d at 1384–85 (internal citations omitted).

On remand, the Veterans Court held that "the determination the Federal Circuit directs this Court to make is a factual determination that the Board must make in the first instance." *Sanchez-Navarro*, 2015 WL 1037719, at *2. It accordingly remanded to the Board for a determination whether Sanchez-Navarro's alleged stressors are consistent with the places, types, and circumstances of his service. *Id.* at *3. Sanchez-Navarro has appealed from that remand order and now seeks to invoke our jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited by statute. 38 U.S.C. § 7292(a). That proscription does not recite a finality requirement, *see Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002), but we have nevertheless held that we ordinarily lack jurisdiction over non-final decisions of the Veterans Court, such as remands, *id.* at 1363–64; *Winn v. Brown*, 110 F.3d 56, 57 (Fed. Cir. 1997); *Travelstead v. Derwinski*, 978 F.2d 1244, 1247–49 (Fed. Cir. 1992). That requirement avoids "piecemeal appellate review without precluding later appellate review of the legal issue or any other determination made on a complete administrative record." *Cabot Corp. v. United States*, 788 F.2d 1539, 1543 (Fed. Cir. 1986).

We have carved out a narrow exception to that general requirement, however, and will only review a remand order from the Veterans Court if three conditions are met:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364.

Sanchez-Navarro argues that the exception to finality applies here because the Veterans Court rendered a clear and final legal decision—namely, that consistency between the veteran's claimed in-service stressors and the places, types, and circumstances of his service is a question of fact—that would likely become moot after remand.

We disagree. The remand order in this case does not satisfy all three *Williams* criteria. First, the decision that any "consistency" determination is a question of fact has not adversely affected Sanchez-Navarro. Indeed, he can still obtain relief on his PTSD claim and submit additional evidence and argument to the Board on remand. *Cf. Allen v. Principi*, 237 F.3d 1368, 1373 (Fed. Cir. 2001) (reviewing a remand order that precluded the veteran from relying on certain evidence, where it was clear that the remand would not grant the veteran the relief he sought).

Second, there is no substantial risk that we would be unable to review the alleged legal error at a later time. Sanchez-Navarro can appeal from any adverse ruling by the Board and argue that the remand was improper or

that the consistency determination was decided wrongly as a matter of fact.  *Cf. Dambach v. Gober*, 223 F.3d 1376, 1379 (Fed. Cir. 2000) (reviewing a remand order because it "alter[ed] the evidentiary burdens" on remand and likely made the legal issue unreviewable on appeal from a final order denying relief).

To the extent Sanchez-Navarro argues that a remand would be futile, we rejected that argument in *Williams*.  *See* 275 F.3d at 1365 ("Williams's basic contention here is that remand proceedings are unnecessary and burdensome, but that does not render the interim decision of the Court of Appeals for Veterans Claims final for purposes of our review.").  Moreover, in this case, even if the Veterans Court were to conclude that Sanchez-Navarro's claimed stressors are consistent with the places, types, and circumstances of his service, it would still need to remand to the Board for a medical examination and a determination "whether the government has established 'clear and convincing evidence'" that his claimed stressor is inadequate to support his PTSD diagnosis.  *See Sanchez-Navarro*, 774 F.3d at 1384–85.  It cannot be the case that Sanchez-Navarro is entitled to an intermediate appeal for an alleged legal error, one that we can certainly review after a final decision, when a remand is still necessary to establish a claim for benefits.  Thus, Sanchez-Navarro has not met the requirements for an exception to the general rule that remands to the Board are not final decisions.

CONCLUSION

We have considered the remaining arguments, but conclude that they are without merit.  For the foregoing reasons, we dismiss for lack of jurisdiction.

**DISMISSED**