Citation Nr: 1801836 
Decision Date: 01/10/18 Archive Date: 01/23/18

DOCKET NO. 14-14 493 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for residuals of a right foot injury.


REPRESENTATION

Appellant represented by: State of South Carolina, Division of Veterans Affairs


ATTORNEY FOR THE BOARD

C. D. Simpson, Counsel


INTRODUCTION

The Veteran served on active duty from July 1982 to July 1985.

This matter comes before the Board of Veterans' Appeals (Board) from a March 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. 

In January 2016, the Board granted a 10 percent rating for service-connected left wrist ganglion cyst and remanded the issue currently on appeal for additional development. 


FINDING OF FACT

The evidence is at least evenly balanced as to whether the Veteran's has current right disability residual to an in-service right foot injury.


CONCLUSION OF LAW

With reasonable doubt resolved in favor of the Veteran, the criteria for service connection for residuals of a right foot injury are met. 38 U.S.C. §§ 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.303(b), 3.307, 3.309 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes VA's duties under the Veteran's Claims Assistance Act of 2000 (VCAA) to notify and assist. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107 (West 2012); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2017). The instant decision results in a complete grant of the benefit sought. Discussion of VCAA compliance is not necessary.
 
Service connection may be granted for disability resulting from disease or injury incurred or aggravated during active military service. 38 U.S.C. § 1131. Service connection generally requires (1) the existence of a present disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (1995). Service connection may also be granted for any injury or disease diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.
 
Service treatment records (STRs) show that the Veteran injured his right foot when someone else fell on it during a football game. The clinician noted palpable tenderness, but no evidence of fracture. The impression was listed as a right foot sprain of the dorsal mid foot secondary to plantar flexion injury. X-rays were within normal limits. The Veteran received a profile based upon this injury that lasted through December 1984. January 1985 STRs reflect that the Veteran continued to have pain in his medial mid-foot. Clinical examination was within normal limits. Another X-ray was obtained with an illegible interpretation. February 1985 podiatry clinic STRs reflected that there was possible neurological impairment for what appears to be the left foot. A steroid injection was given. However, March 1985 podiatry clinic STRs document right foot treatment. They report that the steroid injection provided relief from right deep peroneal nerve pain at the anterior ankle. July 1985 Report of Medical History reflects that the Veteran denied having or ever having a history for foot trouble. The physical evaluation for separation showed the lower extremities were deemed clinically normal. 

In his October 2012 claim, the Veteran requested service connection for a right foot disability, identifying September 1984 as the date on which the disability was incurred.
In February 2013, the Veteran was afforded a VA examination. The examiner listed a diagnosis of foot sprain. The Veteran reported that he initially injured his right foot when a jeep ran over it. He was placed in a cast for three to four months. The examiner commented that STRs showed a September 1984 right foot injury from a football game. Currently, the Veteran experienced a nagging pain across the top of his right foot associated with cold weather and rain. It occurred every two months and lasted a week. Clinical findings were reported. The examiner provided a negative medical opinion. In the rationale comments, she cited the STRs not documenting the Veteran's account of being injured by a jeep, normal clinical evaluation, and negative reports from the July 1985 separation medical history report and clinical evaluation. However, she reported that after evaluation and review of the claims folder, she believed the Veteran's current complaints of right foot pain are at least as likely as not related to the in-service right foot sprain. 

In his March 2013 notice of disagreement (NOD), the Veteran reported that he broke his right foot in service during a night training exercise in 1983 or 1984. He was treated with a cast in an Army hospital. 

In his April 2014 substantive appeal, the Veteran reiterated that his right foot was broken, rather than sprained. It hurt while he was in service and continued to do so. He acknowledged that the available STRs did not match his reports, but indicated he had a clear memory of his in-service right foot treatment.

In July 2016, the Veteran was afforded another VA examination. The examiner listed a diagnosis of right foot pain, dorsum area, associated with a 1984 right foot strain. The Veteran reported he initially injured his right foot when a tank track ran over his foot and pushed it into the sand. He recalled that his foot was in between a groove and not crushed by the vehicle. He had another right foot injury in September 1984 during a football game when another player stepped on his foot. He recalled being diagnosed with a fracture and being in a cast for four months. He had residual foot pain since the injury. He self-managed it with over the counter (OTC) medications. Currently, he experienced continuous pain over the dorsum of the right foot and right heel pain. X-rays showed plantar calcaneal spur and mild deformity of the distal phalanx of the fifth digit. The radiologist indicated the deformity could be degenerative or posttraumatic. The VA examiner provided a negative medical opinion. He cited the STRs that indicated the right foot symptoms fully resolved and the approximately 28 year temporal lapse in documented reports of right foot pain. 

The Veteran contends there is a nexus between his current right foot pain is a residual disability from his right foot military injuries. The Board resolves reasonable doubt in his favor to find a nexus as explained below. 

The lay evidence is competent and credible to show recurrent right foot pain since sustaining in-service right foot injuries. The March 2013 VA medical opinion rationale comments show that the VA examiner endorsed the Veteran's assertion that his current right foot pain is related to the in-service right foot sprain injury. 

The evidence weighing against a nexus includes the additional portions of the March 2013 VA medical opinion and July 2016 VA medical opinion. The Board does not consider the March 2013 VA medical opinion probative since the examiner's negative medical opinion is internally inconsistent with the positive comments in her rationale. The Board does not consider the July 2016 VA medical opinion probative since the VA examiner's comments indicate that he discounted the lay reports concerning residual right foot pain and OTC / self-treatment based substantially upon an absence of contemporaneous medical treatment from service to 2012. Buchanan v. Nicholson, 451 F.3d 1331, 1336, n. 1 (Fed. Cir. 2006) (noting that VA's examiner's opinion, which relied on the absence of contemporaneous medical evidence, "failed to consider whether the lay statements presented sufficient evidence of the etiology of [the veteran's] disability such that his claim for service connection could be proven without contemporaneous medical evidence").

To the extent the right foot diagnosis is clinically vague or limited to pain, the Board observes that the question of whether symptoms such as pain could constitute "disability" for purposes of the VA compensation laws and regulations in the absence of a specific diagnosis is one that the courts have not definitively answered. See Joyner v. McDonald, 766 F.3d 1393, 1396, n. 1 (Fed. Cir. 2014) (specifically declining to reach the question of whether pain alone can constitute a disability under 38 U.S.C. §§ 1110 and 1131); Sanchez-Benitez v. Principi, 259 F.3d 1356, 1362 (Fed. Cir. 2001) ("Mr. Sanchez-Benitez presents an interesting, indeed perplexing, question, but not one that we need or can decide in this appeal"). In Sanchez-Benitez, the Federal Circuit held that, in order for a veteran to qualify for entitlement to compensation under the pertinent statutes and regulations pertaining to direct service connection, a veteran must prove existence of disability that has resulted from a disease or injury that occurred in service. Id. at 1361-1362. Thus, for example, a claim based on "pain alone" fails "when there is no sufficient factual showing that the pain derives from an in-service disease or injury." Id. 

In contrast to Sanchez-Benitez, the factual background at issue indicates that the post-service right foot pain is associated with or residual to the in-service right foot injuries. STRs clearly document a significant right foot injury. The Veteran has provided competent and credible reports of self-treatment for residuals symptoms since the in-service injury. There is no evidence of a possible post-service cause for the Veteran's complaints of right foot pain. The Board also points out that the Court has recognized any physical defect as within the purview of a current disability for VA compensation purposes. Allen v. Brown, 7 Vet. App. 439, 444-41; see also 38 C.F.R. § 4.1. Facially, the Veteran's reports of right foot pain that interfere with activity would constitute a physical defect resulting in decreased earning capacity as a commercial driver. Id. In light of the above, the Board does not consider the February 2013 and July 2016 VA examination reports persuasive to show lack of current right foot disability due to in-service right foot injury. In this regard, the Board notes that there is a case pending before the United State Court of Appeals for the Federal Circuit addressing this precise issue. See Saunders v. Shulkin, No. 17-1466 (Notice of Docketing filed Jan. 1, 2017). In the absence of definitive guidance on this issue, the Board will not deny the claim based on lack of current disability due to the lack of a specific diagnosis.

For the foregoing reasons, the evidence is at least evenly balanced as to whether the Veteran has current right foot disability that is residual to his in-service right foot injury. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to service connection for residuals of a right foot injury is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Service connection for residuals of a right foot injury is granted. 



____________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs