NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SANDRA L. TIPPITT,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1200

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-0815, Judge Joseph L. Toth.

---

Decided: December 21, 2020

---

STEPHEN S. RABINOWITZ, Dechert LLP, New York, NY, for claimant-appellant. Also represented by KATHERINE A. HELM; LUKE M. REILLY, Philadelphia, PA.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, BRIAN

D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

―――――――――――――

Before DYK, MOORE, and O'MALLEY, *Circuit Judges.*

MOORE*, Circuit Judge.*

Sandra L. Tippitt, the surviving spouse of veteran John M. Richardson, appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans Appeals' denial of her claim for service connection. *Tippitt v. Wilkie*, No. 18-0815, 2019 WL 3923141 (Vet. App. Aug. 20, 2019). For the reasons below, we dismiss-in-part, vacate-in-part, and remand.

## BACKGROUND

Mr. Richardson served in the Marine Corps from 1967 until 1971. In 1997, he received treatment for a heart condition in both VA and non-VA facilities. He was diagnosed with non-ischemic cardiomyopathy. In 2000, at a private facility, Mr. Richardson was diagnosed with ischemic cardiomyopathy. He continued to seek treatment for his heart condition until he passed away due to heart failure on September 17, 2009.

In 2010, Ms. Tippitt filed a compensation claim for Mr. Richardson's death. She claimed presumptive service connection between Mr. Richardson's death and his military service, arguing Mr. Richardson should be presumed to have been exposed to Agent Orange based on temporary duty in or participation in flights to Vietnam. *See* 38 U.S.C. § 1116. Based on this presumption, she alleged Mr. Richardson was entitled to service connection for both non-ischemic and ischemic cardiomyopathy. J.A. 2569–70; *see* 38 C.F.R. § 3.309(e). Ms. Tippitt also claimed a direct service connection between Mr. Richardson's death and his military service, alleging Mr. Richardson was exposed to

toxins, including herbicides, while serving in Okinawa or at the Southern California bases where he was stationed.

The regional office (RO) denied Ms. Tippitt's claim. After two remands for further record development, the Board affirmed the RO's denial. It determined that the evidence failed to show Mr. Richardson served in Vietnam and that his death was not the result of a presumptive disease found to be related to exposure to herbicide agents. The Board also determined that there was insufficient evidence to show Mr. Richardson was exposed to herbicides during his service in Okinawa or that Mr. Richardson's non-ischemic cardiomyopathy was related to his alleged exposure to other toxins or chemicals at the Southern California bases.

Ms. Tippitt appealed to the Veterans Court, arguing (1) the Board improperly rejected photo and flight record evidence offered to show Mr. Richardson was in Vietnam and (2) the VA medical opinion the Board relied on failed to account for Mr. Richardson's ischemic heart disease diagnosis. The Veterans Court affirmed the Board's decision. It held that the Board considered and found unpersuasive the photos and flight record evidence. It also determined the Board's failure to acknowledge the ischemic cardiomyopathy diagnosis in its presumptive service connection analysis was harmless because Ms. Tippitt failed to prove Mr. Richardson served in Vietnam. Finally, it affirmed the Board's denial of direct service connection. Ms. Tippitt appeals.

## DISCUSSION

Our jurisdiction for reviewing decisions of the Veterans Court is limited. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except to the extent an appeal raises a constitutional issue, we may not review "a challenge to a factual determination,

or [] a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We review the Veterans Court's legal determinations de novo. *Joyner v. McDonald*, 766 F.3d 1393, 1394 (Fed. Cir. 2014)

## I.

Ms. Tippitt contends the Veterans Court erred in holding that the Board properly dismissed her flight record and photo evidence. With respect to the flight record evidence, she argues that the VA had an obligation under 38 U.S.C. § 5103A to assist her in obtaining the records needed to substantiate the flight logs. Ms. Tippitt only argued before the Veterans Court, however, that the notice requirements of § 5103(a) required the Board to instruct her "as to the VA's requirements for the appropriate authentication of the evidence she submitted." J.A. 3065. Ms. Tippitt argued, therefore, for pre-adjudication notice from the Board of any deficiencies in her evidence. The Veterans Court rejected Ms. Tippitt's argument, reasoning that "[t]he duty to notify is not an ongoing requirement to assess all evidence presented prior to adjudicating a decision on that same evidence." *Tippitt*, 2019 WL 3923141, at *3.

As the government argues, failure to notify and failure to assist are distinct arguments. Ms. Tippitt did not press a duty-to-assist argument below regarding the flight logs, and we, therefore, decline to consider it for the first instance on appeal. *See Forshey v. Principi*, 284 F.3d 1335, 1353–54 (Fed. Cir. 2002) (en banc), *superseded on other grounds by statute*, Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832.[1]

---

[1]    To the extent Ms. Tippitt argues that the VA failed to comply with the Board's remand order that included the request for flight records, the Board already determined the VA substantially complied with both the Board's 2014 and 2016 remand orders. J.A. 10. This application of law

With respect to the photo evidence, Ms. Tippitt argues that the Board erroneously excluded photos as inadmissible for lack of foundation and that the Veterans Court then applied the wrong legal standard in affirming that exclusion.  We do not agree.

The Board evaluated the evidence, including the photos, and determined it did not support the claim that Mr. Richardson served in Vietnam.  The Board first found Mr. Richardson's contemporaneous service records unsupportive of a claim he served in Vietnam.  J.A. 16.  It found, instead, that the records for Mr. Richardson's specific unit indicated his unit flew support for Marine troops in Japan, directly contradicting the contention Mr. Richardson flew helicopters to Vietnam.  J.A. 16–17.  The Board then balanced that evidence against Ms. Tippitt's photo and flight record evidence and determined the latter was insufficient to "give rise to establishing equipoise."  J.A. 17.  Because the Board's weighing of the evidence is a factual determination over which we lack jurisdiction to review, we dismiss this portion of the appeal.  38 U.S.C. § 7292(d)(2).

## II.

Ms. Tippitt also contends the Veterans Court legally erred in not conducting a harmless error analysis regarding the Board's conclusion of no direct service connection for Mr. Richardson's alleged ischemic cardiomyopathy.  She argues the Board's conclusion was based only on a VA medical opinion that found no connection to non-ischemic cardiomyopathy without considering the ischemic cardiomyopathy diagnosis.  The Veterans Court agreed with Ms. Tippitt that "the Board did err in not acknowledging the veteran's diagnosis of ischemic cardiomyopathy, one of the conditions associated with herbicide exposure."  *Tippitt*,

---

to fact is a determination over which we do not have jurisdiction.  38 U.S.C. § 7292(d)(2).

2019 WL 3923141, at *4 n.1.  Though the Veterans Court acknowledged this Board error, it did not make a determination regarding whether this error impacted the determination regarding Ms. Tippitt's direct service connection claim.

In reviewing the Board's decision, the Veterans Court shall "take due account of the rule of prejudicial error."  38 U.S.C. § 7261(b)(2).  Here, the Veterans Court determined the Board's failure to acknowledge a diagnosis of ischemic cardiomyopathy was harmless with respect to the presumptive service connection claim.[2]  It did not, however, conduct the harmless error analysis for the same ischemic cardiomyopathy diagnosis in its direct service connection analysis.  Accordingly, we vacate the Veterans Court's affirmance of the Board's denial of Ms. Tippitt's direct service connection claim and remand for the Veterans Court to assess whether the Board's failure to acknowledge the ischemic cardiomyopathy diagnosis was harmless with respect to the direct service connection claim.

## CONCLUSION

Because we decline to consider Ms. Tippitt's new flight records arguments and because we lack jurisdiction to review the Board's weighing of Ms. Tippitt's submitted photo evidence, we dismiss-in-part.  Because the Veterans Court erred in not conducting a harmless error analysis with

---

[2]    Ms. Tippitt argues that if we hold the Veterans Court erred in finding no error in the Board's weighing of Ms. Tippitt's flight record and photo evidence, then we must vacate the Veterans Court's harmless error determination for her presumptive service connection claim.  Because we do not so hold, however, we dismiss this portion of the appeal as it raises a challenge to the Veterans Court's application of law to facts, which is beyond our jurisdiction to review.

TIPPITT v. WILKIE                                                7

respect to the direct service connection claim, we vacate-in-part and remand.

**DISMISSED-IN-PART, VACATED-IN-PART AND REMANDED**

COSTS

No costs.